**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| CLAYTON P. JORDAN,<br>Plaintiff<br><br><br>BP EXPLORATION & PRODUCTION INC.,<br>BP AMERICA PRODUCTION COMPANY,<br>and HALLIBURTON ENERGY SERVICES,<br>INC.,<br>Defendants. | CASE NO. 4:12-cv-00002<br><br>On removal from the Circuit Court, Second<br>Judicial Circuit of the State of Florida, In and<br>For Leon County: Case No. 11-CA-3027 |

**BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA**

Pursuant to 28 U.S.C. §§ 1441 and 1446 and 43 U.S.C. § 1349, Defendants BP

Exploration & Production, Inc. and BP America Production Company (collectively "BP"),

hereby give notice and remove this case to the United States District Court for the Northern

District of Florida, Tallahassee Division.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a)

for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1.       BP Exploration & Production Inc. is a Delaware corporation with its principal place of

business in Warrenville, Illinois.  BP America Production Company is a Delaware

corporation with its principal place of business in Houston, Texas.

2.       Halliburton Energy Services, Inc. ("Halliburton") is a Delaware corporation with its

principal place of business in Houston, Texas.

3.       BP is a named defendant in the matter styled "Clayton P. Jordan v. BP Exploration &

Production Inc., BP America Production Company, and Halliburton Energy Services,

Inc.," pending in the Circuit Court, Second Judicial Circuit of the State of Florida, in and for Leon County, Florida, and bearing the case number 11-CA-3027 ("State Court Action").

4.  Plaintiff commenced this action by filing his lawsuit in the Circuit Court for the Second Judicial Circuit on October 28, 2011.

5.  BP was served with process on December 2, 2011.

6.  This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

7.  Pursuant to 28 U.S.C. § 1446(a), BP attaches hereto as Exhibit A a copy of all process, pleadings and orders served on BP in the State Court Action.

**Original Federal Jurisdiction Exists Over the Complaint Pursuant to OCSLA and the Federal Question Statute.**

8.  Plaintiff's Complaint states that "Defendants owed and breached duties of ordinary and reasonable care to Plaintiff in connection with the drilling operations of the Deepwater Horizon . . . ." Compl. ¶ 19.  *See also id.* at ¶ 41.

9.  Underlying Plaintiff's negligence claim is the claimed "duty to exercise reasonable care while participating in drilling operations."  *Id.* at ¶ 23.  This duty includes the duty to "exercise reasonable care to design, create, manage and control the well."  *Id.* at ¶ 30. Plaintiff's Complaint also makes clear that it is seeks recovery based on activities "within the immediate vicinity of the Deepwater Horizon," *e.g., id.* at ¶¶ 27, 31(n).  At the time the oil spill began, the *Deepwater Horizon* was operating on waters over the Outer Continental Shelf in the course of drilling the Macondo well on the Shelf itself.  *See id.* at

¶ 59 ("Defendants had a statutory duty to Plaintiff to conduct their drilling operations at the Macondo site so as not to discharge pollutants or hazardous substances …."). *See also id.* at ¶ 69.

10. The many ways in which Plaintiff claims that BP allegedly breached its purported duties to Plaintiff relate to drilling operations at the Macondo well, including "fail[ure] to exercise ordinary and reasonable care in connection with [BP's] drilling design and operations." *Id.* at ¶ 31(k).

11. For instance, Plaintiff's claim for strict liability based on ultra-hazardous activities likewise refers to "Defendants' activity of attempting to recover crude oil and natural gas by drilling in a fragile, unstable rock formation in approximately 5,000 feet of water . . . ." *Id.* at ¶ 41.

12. <u>OCSLA Jurisdiction</u>:  This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*.  OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals."  43 U.S.C. § 1349(b)(1).

13. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources."  43 U.S.C. § 1331(q).  "Exploration" is the "process of searching for minerals, including . . . any drilling."  43 U.S.C. 1331(k).

14. The State Court Action "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf.  Plaintiff says so himself:  "Defendants owed and breached

duties of ordinary and reasonable care to Plaintiff *in connection with the drilling operations* of the Deepwater Horizon . . . ."  Compl. at ¶ 19 (emphasis added).  As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

15.  Case law establishes that OCSLA jurisdiction exists pursuant to a simple but-for test and is not subject to the well-pleaded complaint rule.

16.  In reality and despite Plaintiff's allegations of proximate cause, *see* Compl. ¶ 36, Plaintiff's theory of injury is remote, *see id.* at ¶ 2, and BP fully reserves that defense on the merits, despite noting OCSLA but-for jurisdiction applies of its own force and by virtue of the Plaintiff's own allegations.

17.  <u>Federal Question Jurisdiction</u>:  This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, OCSLA, 43 U.S.C. § 1331, and because claims involving federal enclaves like the Outer Continental Shelf by their nature arise under federal law.  Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint.

18.  OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law governs as a substantive matter.  *See* 28 U.S.C. § 1333(a)(1).  Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law is other than federal law, such as state law controls.

19.    Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. §
       1441(b) because OCSLA establishes a federal enclave on the OCS.  Claims arising out of
       conduct within federal enclaves necessarily arise under federal law.

**Reservation of Diversity Jurisdiction Removal Theory**

20.    Plaintiff artfully (but deficiently) attempts to plead around a diversity removal by
       asserting that "compensatory damages …. exceed the sum of $15,000.00 but do not
       exceed the sum of $75,000.00."  Compl. ¶ 1.  But an allegation that *some portion* of the
       damages sought do not exceed the $75,000.00 threshold in 28 U.S.C. § 1332(a) is not
       sufficient to avoid that statutory basis for a diversity removal where it otherwise applies.
       By its own terms, Plaintiff's averment about the amount in controversy is "*exclusive of*
       interest, costs, and punitive damages."   *See also id.* at ¶¶ 65-85 (fifth cause of action
       seeking punitive damages).

21.    Plaintiff also fails to state where he currently resides or his State of citizenship.

22.    BP reserves its rights to supplement this removal notice with a diversity basis for
       removal, should that prove necessary, but does not invoke a diversity theory at this time.
       Moreover, BP reserves all of its rights to seek discovery into any facts concerning
       citizenship, the amount in controversy, or other jurisdictional matters consistent with
       Supreme Court and Eleventh Circuit precedent.  *Oppenheimer Fund, Inc. v. Sanders*, 437
       U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is
       available to ascertain the facts bearing on such issues."); 8 Charles A. Wright, *et al.*,
       FEDERAL PRACTICE AND PROCEDURE § 2009, at 124 & n.2 (2d ed. 1994) ("[I]t has long
       been clear that discovery on jurisdictional issues is proper.").

23.    The OCSLA and federal question removal grounds set forth above are independently
       sufficient bases on which to remove this case, but once again BP reserves its rights to add

a diversity-based removal theory as well at a later date.

**Venue and Removal Under 28 U.S.C. §§ 1441(a) and (b)**

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States

District Court for the Northern District of Florida, Tallahassee Division is located in the

district and division in which the State Court Action was pending.

25.     Finally, this matter is removable under 28 U.S.C. § 1441 as a civil action over which the

United States District Court for the Northern District of Florida has original subject

matter jurisdiction under  43 U.S.C. § 1349 and 28 U.S.C. § 1331.

**Effectuation of Removal.**

26.     BP hereby removes this action to the United States District Court for the Northern

District of Florida, Tallahassee Division.

27.     By filing this Notice of Removal, BP expressly consents to the removal.  Attached as

Exhibit B is Halliburton's consent to removal.

28.     The matter may be removed without regard to the citizenship or residence of the parties

in accordance with 28 U.S.C. § 1441(b); nonetheless, BP affirmatively asserts that it is

not a citizen of the State in which the State Court Action has been brought.

29.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process

and other papers, including the original Complaint, on file in the record of the State Court

Action which are within the possession, custody and control of BP are attached as Exhibit

A.

30.     The allegations of this Notice were true at the time the State Court Action was

commenced and remain true as of the date of filing of this Notice of Removal.

31.     Undersigned counsel certifies that a notice of filing removal, along with a copy of this

Notice of Removal, will be promptly filed with the Circuit Court, Second Judicial Circuit

of the State of Florida, In and For Leon County.

WHEREFORE, BP hereby removes this action to the United States District Court for the

Northern District of Florida, Tallahassee Division.

Respectfully submitted on January 3, 2012,

<table>
<tr><td>OF COUNSEL:</td><td>AKERMAN SENTERFITT</td></tr>
<tr><td>KIRKLAND & ELLIS LLP</td><td>106 East College Avenue, Suite 1200</td></tr>
<tr><td>J. Andrew Langan, P.C.</td><td>Tallahassee, FL  32301</td></tr>
<tr><td>Wendy L. Bloom</td><td>Phone:  (850) 224-9634</td></tr>
<tr><td>300 North LaSalle Street</td><td>Fax:  (850) 222-0103</td></tr>
<tr><td>Chicago, IL  60654</td><td></td></tr>
<tr><td>312-862-2000 (Tel)</td><td>By: s/ Thomas A. Range</td></tr>
<tr><td>312-862-2200 (Fax)</td><td>J. Riley Davis</td></tr>
<tr><td>*Attorneys for BP*</td><td>Florida Bar Number:  118121</td></tr>
<tr><td></td><td>Thomas A. Range</td></tr>
<tr><td></td><td>Florida Bar Number:  568651</td></tr>
<tr><td></td><td>*Attorneys for BP*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed on January 3, 2012 via CM/ECF,

which will send a copy of this filing via electronic mail to all attorneys of record, and a copy of

the foregoing has been furnished on January 3, 2012 to counsel listed on the service list below.

s/ Thomas A. Range

**Service List**

Professor P. Tim Howard
Howard & Associates Attorneys at Law, P.A.
8511 Bull Headley Rd. Suite 405
Tallahassee, Florida 32312
Counsel for Plaintiff
*via U.S. Mail*

Douglas S. Lyons
Lyons & Farrar, P.A.
325 N. Calhoun St.
Tallahassee, Florida 32301
Counsel for Plaintiff
*via U.S. Mail*

Samuel T. Adams
460 Grace Ave.
P.O. Box 191
Panama City, Florida 32402-0191
Counsel for Plaintiff
*via U.S. Mail*

Ginger Barry Boyd
Broad & Cassel
200 Grand Blvd. Suite 205A
Destin, Florida 32550
Counsel for Defendant
Halliburton Energy Services, Inc.
*via e-mail*